**SO ORDERED.**

**SIGNED this 24 day of June, 2013.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

IN RE:

RAYMOND GENE GONZALES,                           CASE NO. 13–01001–8–JRL
                                                 CHAPTER 7
    DEBTOR.

_____

## ORDER

This matter came before the court on the objection raised by David M. Warren ("trustee"), the chapter 7 trustee appointed in the above–captioned proceeding, to certain exemptions claimed by Raymond Gene Gonzales ("debtor"). A hearing was held on June 6, 2013, in Raleigh, North Carolina. At the conclusion of the hearing, the court took the matter under advisement and issued a tentative ruling allowing the trustee's objection.

## BACKGROUND

The debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on February 15, 2013. On his Schedule C–1, as amended on March 13, 2013, the debtor claimed, as exempt, his one–half remainder interest in real property located at 2412 Laurel Falls Lake, Raleigh, North Carolina ("real property"). The real property was conveyed to him by quitclaim deed

1

recorded in Book 11593 at Page 277 of the Wake County Register of Deeds on September 22, 2005, the habendum clause of which reads as follows:

> For and in consideration of the sum of ten and NO/100 dollars ($10.00) cash in hand paid, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, LINDA W. BARBOUR ("Grantor") does hereby reserve a Life Estate in herself for her own life, and does grant, bargain, sell, transfer, release, remise and forever quitclaim *unto KAREN E. BARBOUR and RAYMOND G. GONZALES, ("Grantees"), their heirs, and assigns, forever, in equal shares*, the Remainder of her right, title, and interest in and to a certain tract of land situated in Wake County North Carolina with said tract of land being more particularly described as follows:
>
> BEING all of Lot 72, Trailwood Hills, Phase Four, as shown on plat thereof recorded in Book of Maps 1996, Pa[g]e 1183, Wake County Registry.

(emphasis added) (hereinafter "quitclaim deed"). Linda W. Barbour ("Linda Barbour"), the grantor and life tenant under the quitclaim deed, is the debtor's mother–in–law who was seventy–one as of the petition date. At the time the quitclaim deed was executed, the debtor and Karen E. Barbour ("Barbour"), the holder of the remaining one–half interest, were married.[1]

The trustee filed the objection currently before the court on April 11, 2013, asserting that the debtor's classification of his one–half remainder interest in the real property as tenancy by the

---

[1] In Schedule B and amended Schedule C–1, the debtor describes the nature of his interest in the real property as "own[ing] a 50% remainderman interest in a life estate." This description, however, is incorrect. See Avery v. Haddock, 68 N.C. App. 452, 457, 315 S.E.2d 99, 102 (1984) ("It is well established that the owner in fee of a parcel of land that is subject to a life estate, nothing else appearing, is vested with the remainder interest in the life estate. Upon the death of the life tenant, the life estate terminates by operation of law and the interest of the remainderman becomes poessessory." (citations omitted)). After reserving herself a life estate in the real property, Linda Barbour executed the quitclaim deed conveying an indefeasibly vested remainder in fee simple to the debtor and Barbour, a future interest that will become possessory upon the natural expiration of the preceding estate, the life estate held by Linda Barbour. See generally Brinkley v. Day, 88 N.C. App. 101, 103, 362 S.E.2d 587, 589 (1987) (stating that a life estate "vest[s] the holder with the right to use and possess the property during his [or her] lifetime." (citation omitted)).

entirety was improper. The debtor's classification, according to the trustee, was improper because the language present in the quitclaim deed purporting to convey the real property "in equal shares" conveyed the remainder interest to Barbour and the debtor as tenants in common.

## DISCUSSION

In accordance with Fed. R. Bankr. P. 4003(a), every "debtor shall list the property claimed as exempt under § 522 of the [Bankruptcy] Code on the schedule of assets required to be filed by Rule 1007." Fed. R. Bankr. P. 4003(a); Fed. R. Bankr. P. 1007. A trustee or other party in interest must "file an objection to the list of property claimed as exempt . . . within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." Fed. R. Bankr. P. 4003(b). "Unless a party in interest objects, the property claimed as exempt . . . is exempt." 11 U.S.C. § 522(l). Under Fed. R. Bankr. P. 4003(c), "the objecting party has the burden of proving [by a preponderance of the evidence] that the exemptions are not properly claimed." In re Gregory, 487 B.R. 444, 447 (Bankr. E.D.N.C. 2013) (quoting In re Britt, 368 B.R. 471, 474 (Bankr. E.D.N.C. 2007)).

A tenancy by the entirety is a statutory creature, whose creation is governed by Chapter 39 of the North Carolina General Statutes:

> A conveyance of real property, or any interest therein, to a husband and wife vests title in them as tenants by the entirety when the conveyance is to:
>
>   (1) A named man "and wife," or
>
>   (2) A named woman "and husband," or
>
>   (3) Two named persons, whether or not identified in the conveyance as husband and wife, if at the time of conveyance they are legally married;
>
> unless a contrary intention is expressed in the conveyance.

3

N.C. Gen. Stat. § 39–13(b); In re Staples, No. 00–10147, 2000 WL 33673800, at *1 (Bankr. M.D.N.C. June 13, 2000) (recognizing, under North Carolina law, that tenancy by the entirety "is a form of ownership that is applicable only to real property owned by a husband and wife."). The Supreme Court of North Carolina has recognized that the five unities of time, title, interest, possession and person must be present to create a tenancy by the entirety. Combs v. Combs, 273 N.C. 462, 465–66, 160 S.E.2d 308, 311 (1968); Davis v. Bass, 188 N.C. 200, 203, 124 S.E. 566, 567–68 (1924) ("[T]enancy by the entirety takes its origin from the common law when husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person. The estate rests upon the doctrine of the unity of person, and upon the death of one the whole belongs to the other, not solely by right of survivorship, but also by virtue of the grant which vested the entire estate in each grantee." (citation omitted)).

"A deed to husband and wife, nothing else appearing, vests the title in them as tenants by entirety." Edwards v. Batts, 245 N.C. 693, 696, 97 S.E.2d 101, 104 (1957); McNeely v. McNeely, No. COA07–483, 2008 WL 304922, at *5 (N.C. Ct. App. Feb. 5, 2008) (unpublished) (holding that a deed "to grantees 'Boyd Robert McNeely and wife, Beverly McNeely[]' . . . satisfies two of the three ways in which a conveyance can vest title in husband and wife as tenants by the entirety[.]"). North Carolina law, with respect tenancies by the entirety, "provides that when one tenant by the entirety dies, the remaining tenant automatically becomes the full owner of the estate." United States v. $16,920.00 in U.S. Currency, 1:06–CV–265, 2008 WL 1787072, at *5 (W.D.N.C. Apr. 17, 2008); see Woolard v. Smith, 244 N.C. 489, 493, 94 S.E.2d 466, 469 (1956) (emphasizing that the "[d]eath [of one tenant by the entirety] creates no new estate in the survivor. The survivor takes by virtue of the original conveyance."). However, nothing prevents a husband and wife from acquiring and

4

holding their interest in real property as tenants in common.  See Davis, 188 N.C. at 207, 124 S.E.2d at 570 ("[T]here is nothing in the relation of husband and wife which prevents them from taking originally and thereafter holding their interests as tenants in common, if they so desire." (citation omitted)).  For example, a deed conveying a parcel of real property "to Nathan Eason and wife, Carrie G. Eason, *each one–half interest*," created a tenancy in common because "[t]he evident purpose of the draftsman was to convey one undivided half of the land to the husband and the other undivided half to the wife." Eason v. Eason, 159 N.C. 539, 540–41, 75 S.E.797, 798 (1912) (emphasis added); Stalcup v. Stalcup, 137 N.C. 305, 307–08, 49 S.E. 210, 211 (1904) (recognizing that "when lands are granted to husband and wife, and it appears from words of the grant that the intention was to create a joint tenancy, or a tenancy in common, they will take and hold as joint tenants or tenants in common, and not as tenants of the entirety[.]").

The trustee argues that the granting clause in the quitclaim deed evidences an intention contrary to the creation of a tenancy by the entirety.  Specifically, the trustee contends that the phrase "in equal shares" evidences an intention to convey the remainder to Barbour and the debtor as tenants in common.  See, e.g., Midgett v. Midgett, 117 N.C. 8, 23 S.E. 37 (1895); Hollowell v. Hollowell, 107 N.C. App. 166, 420 S.E.2d 827 (1992), aff'd, 333 N.C. 706, 430 S.E.2d 235 (1993); Dearman v. Bruns, 11 N.C. App. 564, 181 S.E.2d 809 (1971).

On several occasions, North Carolina courts have construed the phrases "to share equally," "in equal portions," "their respective shares," "share and share alike" or one of similar import in a conveyance or devise as "inconsistent with an intention to create an estate by the entireties." Dearman, 11 N.C. App. at 566, 181 S.E.2d at 811; Mewborn v. Mewborn, 239 N.C. 284, 287–88, 79 S.E.2d 398, 400 (1954) (holding that the phrase "equally divided" in a devise created a tenancy

5

in common in the devisees); Eason, 159 N.C. at 540–41, 75 S.E.2d at 798; Midgett, 117 N.C. at 10, 23 S.E. at 38; Hollowell, 107 N.C. App. at 171, 420 S.E.2d at 831. Construing a provision in a will, the court in Dearman held that the testator's use of the phrase "to share equally" in the devise of real property to his daughter and her husband was inconsistent with an intention to create a tenancy by the entirety. 11 N.C. App. at 566, 181 S.E.2d at 811 (emphasizing that "creat[ing] an estate in the entirety with the inclusion of the words 'to share equally' would render that phrase meaningless and surplusage.").[2] The court concluded that "the phrase indicated a desire on the testator's part to create a tenancy in common between Minnie Rumple Brown [his daughter] and Richard Shaw Brown [her husband]." Id. Likewise, in Hollowell, "[t]he language 'in equal portions' and 'their respective shares'" in the devise at issue, which controlled the conveyance of the real property, "connote[d] the creation of a tenancy in common." 107 N.C. App. at 171, 420 S.E.2d at 831. The devise conveyed ninety–five acres of real property "in equal portions" to the testator's two nephews and, upon their deaths, to "their respective shares thereof in fee simple to their respective issue, who survive them." Id. at 167, 172, 420 S.E.2d at 828, 831("[I]t is clear that the language found in these provisions . . . manifests an intent to create a tenancy in common . . . ."). In reaching its conclusion, the court indicated the inclusion of "their respective shares" and "their respective issue" in the provisions of the will "[wa]s evidence of a continuation of the independent nature of the interest found in the tenancy in common . . . ." Id. at 172, 420 S.E.2d at 831–32 (concluding that these provisions make it apparent "an intent to have these interests pass independently of each other upon

---

[2]The will provision at issue in Dearman directed the devises, the testator's daughter and her husband, "to share equally in the 42 acre tract . . . ." 11 N.C. App. at 565, 181 S.E.2d at 811. The court found that "the testator indicated a desire that his daughter and her husband 'share equally' in the land." Id.

the death [of either nephew] . . . .").

The plain language of the quitclaim deed in the instant case conveys a remainder "unto Karen Barbour and [the debtor] . . . their heirs, and assigns, forever, *in equal shares* . . . ." (emphasis added). This language does not adhere to the requirements proscribed in N.C. Gen. Stat. § 39–13.6(b)(1) and (b)(2) because neither party is named or described as "wife" or "husband." See In re Braswell, No. 10–04622, 2011 WL 345868, at *1–2 (Bankr. E.D.N.C. Feb. 2, 2011) (holding that in the absence of ambiguity, "the court may not consider extrinsic evidence of intent [;]" but, "the plain language of the deed, which describes Mr. Braswell as 'a married man' with no statement of conveyance to his wife . . . does not create a joint tenancy by the entireties . . . ." (citation omitted)). Furthermore, the use of the phrase "in equal shares" in the conveyance to Barbour and the debtor is inconsistent with an intention to create a tenancy by the entirety. See N.C. Gen. Stat. 39–13.6(b) ("A conveyance of real property, or any interest therein, to a husband and wife vests title in them as tenants by the entirety . . . *unless a contrary intention is expressed in the conveyance*." (emphasis added)); Dearman, 11 N.C. App. at 566, 181 S.E.2d at 811; see also Hollowell, 107 N.C. App. at 171–72, 420 S.E.2d at 831. In the absence of a description of either party as "wife" or "husband" and the inclusion of the phrase "in equal shares" in the quitclaim deed, the court finds that the trustee has demonstrated by a preponderance of the evidence that the quitclaim deed conveyed a one–half undivided remainder interest in the real property to Barbour and the debtor as tenants in common. See, e.g., Dearman, 11 N.C. App. at 566, 181 S.E.2d at 811; Davis, 188 N.C. at 207, 124 S.E. at 570 ("Whether husband and wife take as tenants in common or as tenants by the entirety is to be gathered from the instrument which passes the estate to them, and when the intention appears therefrom that they should take an estate as tenants in common, it must prevail[]

7

. . . ." (internal quotation marks and citation omitted)); Dearman, 11 N.C. App. at 566, 181 S.E.2d at 811.

## CONCLUSION

Based on the foregoing and in accordance with the court's tentative ruling at the conclusion of the hearing, the debtor's one–half remainder interest in the real property is not held in tenancy by the entirety. Accordingly, the trustee's objection is **ALLOWED.**

**END OF DOCUMENT**