UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:13-CV-00545-BR

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RAYMOND GENE GONZALES, | ) | ORDER |
| | ) | |
| DEBTOR. | ) | |

Before the court is an appeal by the debtor, filed *pro se*, from the 24 June 2013 order of United States Bankruptcy Judge J. Rich Leonard. In that order, the bankruptcy court allowed the objection by the trustee to the debtor's claimed exemption of his remainder interest in real property located in Raleigh, North Carolina ("real property"). For the reasons set forth below, the decision is affirmed.

## I. BACKGROUND

By deed recorded in 2005, Linda W. Barbour conveyed to her daughter, Karen E. Barbour ("Karen"), and Karen's husband and debtor, Raymond Gene Gonzales ("debtor"), an interest in the real property. (Order, DE # 1-1, at 1-2.)[1] The habendum clause[2] of that deed states:

> For and in consideration of the sum of ten and NO/100 dollars ($10.00) cash in hand paid, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, LINDA W. BARBOUR ("Grantor") does hereby reserve a Life Estate in herself for her own life, and does grant, bargain, sell, transfer, release, remise and forever quitclaim unto KAREN E. BARBOUR and RAYMOND G. GONZALES, ("Grantees"),

---

[1] All page citations to docket entries are to those generated by cm/ecf.

[2] The habendum clause is "[t]he part of an instrument, such as a deed or will, that defines the extent of the interest being granted and any conditions affecting the grant." Black's Law Dictionary 778 (9th ed. 2009).

>> their heirs, and assigns, forever, in equal shares, the Remainder of her right, title, and interest in and to a certain tract of land situated in Wake County North Carolina with said tract of land being more particularly described as follows:
>>> BEING all of Lot 72, Trailwood Hills, Phase Four, as shown on plat thereof recorded in Book of Maps 1996, Pa[g]e 1183, Wake County Registry.

(Id. at 2 (emphasis omitted) (alteration in original).)

In 2013, debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. (Id. at 1.) On his Amended Schedule C-1, pursuant to 11 U.S.C. § 522 and North Carolina law, debtor claimed as exempt his one-half interest in the real property, classifying the estate conveyed as a tenancy by the entirety. (DE # 3-2, at 4.) The Chapter 7 trustee filed an objection to that claimed exemption, (DE # 3-5), to which debtor responded, (DE # 3-4). After a hearing on the matter, the bankruptcy court found that the deed conveyed a remainder interest in the real property to Karen and debtor as tenants in common and therefore allowed the trustee's objection. Debtor appeals from this ruling.

## II. DISCUSSION

"Under 28 U.S.C. § 158(a), United States District Courts have jurisdiction to hear appeals of final judgments, orders, and decrees of Bankruptcy Courts. On appeal from the Bankruptcy Court, the district court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error, while it reviews the conclusions of law *de novo*." Singleton v. Countrywide Home Loan, Inc. (In re Singleton), 358 B.R. 253, 256 (D.S.C. 2006). Pursuant to Federal Rule of Bankruptcy 8013, the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."

In his opening brief, debtor identifies four issues on appeal. (Appellant Br., DE # 11, at 5.) The issues center on his contention that the subject deed conveyed to Karen and him as tenants by the entirety. Before the court addresses the specific issues debtor raises, a discussion of this estate in land is warranted.

> When land is conveyed or devised to a husband and wife as such, they take the estate so conveyed or devised, as tenants by the entirety, and not as joint tenants, or tenants in common. This tenancy by the entirety takes its origin from the common law when husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person. The estate rests upon the doctrine of the unity of person, and upon the death of one the whole belongs to the other, not solely by right of survivorship, but also by virtue of the grant which vested the entire estate in each grantee. These two individuals, by virtue of their marital relationship, acquire the entire estate, and each is deemed to be seized of the whole, and not of a moiety or any undivided portion thereof. They are seized of the whole, because at common law they were considered but one person . . . .
> "A conveyance to husband and wife creates neither a tenancy in common nor a joint tenancy. The estate of joint tenants is a unit made up of divisible parts; that of husband and wife is also a unit; but it is made up of indivisible parts. In the first case there are several holders of different moieties or portions, and upon the death of either, the survivor takes a new estate. He acquires by survivorship the moiety of his deceased cotenant. In the last case, although there are two natural persons, they are but one person in law, and upon the death of either, the survivor takes no new estate. It is a mere change in the properties of the legal person holding, and not an alteration in the estate holden.

Davis v. Bass, 124 S.E. 566, 567-68 (N.C. 1924) (citations omitted).

A pertinent common law incident of a tenancy by the entirety is the husband's "exclusive right during coverture to possession, control, and use of the land. He has the absolute right to income from such property, including rents and profits." Dearman v. Bruns, 181 S.E.2d 809, 811 (N.C. Ct. App. 1971) (citations omitted).

3

Under the common law, to determine whether a conveyance created a tenancy by the entirety, the court looks to the instrument passing the estate. Davis, 124 S.E. at 570. In the absence of an expressed contrary intent, a conveyance to a husband and wife is deemed a tenancy by the entirety. Id. However, "when the intention appears [from the instrument] that they should take an estate as tenants in common, it must prevail . . . ." Id. (citation omitted).

In 1982, in recognition of the "changed circumstances in economic relationships and responsibilities among married persons," North Carolina's legislature enacted N.C. Gen. Stat. § 39-13.6 to equalize spouse's rights in property held as tenants by the entirety. Perry v. Perry, 341 S.E.2d 53, 55 (N.C. Ct. App. 1986). The statute provides in pertinent part that "[a] husband and wife shall have an equal right to the control, use, possession, rents, income, and profits of real property held by them in tenancy by the entirety." N.C. Gen. Stat. § 39-13.6(a). Additionally, the statute specifies how conveyances to a husband and wife create a tenancy by the entirety:

> A conveyance of real property, or any interest therein, to a husband and wife vests title in them as tenants by the entirety when the conveyance is to:
> (1) A named man "and wife," or
> (2) A named woman "and husband," or
> (3) Two named persons, whether or not identified in the conveyance as husband and wife, if at the time of conveyance they are legally married;
> unless a contrary intention is expressed in the conveyance.

Id. § 39-13.6(b).

The court begins its analysis by considering the last issue debtor raises on appeal because it concerns whether the bankruptcy court placed the proper burden of proof on the trustee. Pursuant to Fed. R. Bankr. P. 4003(c), the bankruptcy court placed the burden on the trustee to

prove by a preponderance of the evidence that debtor had not properly claimed the tenancy by the entirety exemption. (Order, DE # 1-1, at 3.) The parties both characterize N.C. Gen. Stat. § 39-13.6(b) as creating a rebuttable presumption that a real property conveyance to a husband and wife vests title in them as tenants by the entirety. (Appellant Br., DE # 11, at 19; Appellee Br., DE # 12, at 13.) Debtor contends that the bankruptcy court should have required the trustee to rebut this presumption by clear, cogent, and convincing evidence. (Appellant Br., DE # 11, at 21-22; Reply Br., DE # 13, at 18.) Assuming, without deciding, that this higher burden of proof applies, it would not change the outcome.[3] The circumstances here do not necessitate the burden of proving any fact beyond the deed itself (which incidentally is undisputed), as the court is interpreting intent from the four corners of the deed under North Carolina law. Therefore, even

---

[3] The court notes that Woodring v. Woodring, 596 S.E.2d 370 (N.C. Ct. App. 2004), cited by debtor in support of his argument that the trustee has not rebutted the presumed tenancy by the entirety, is of little value. There, the trial court interpreted two articles of a will, which read:

Article Two
I will, devise, and bequeath all my property of every sort, kind and description, real personal and mixed, which I may own at the time of my death, unto my sister, Donzola Woodring and her husband, Gene Woodring, and my brother, Grady Cleveland Woodring, and unto my nephew, John Bernard Woodring, share and share alike.

Article Three
In the event that my sister, Donzola Woodring and her husband, Gene Woodring, and my brother, Grady Cleveland Woodring, and my nephew John Bernard Woodring, should predecease me, I hereby will, devise and bequeath all of the share that they might have individually taken to their issue them [sic] living, share and share alike.

Woodring, 596 S.E.2d at 372 (mistake noted in original)). The trial court declared that the will created a tenancy by the entirety between Donzola Woodring and Gene Woodring. Id.
    The appellate court concluded that the trial court's findings of fact did not adequately support its conclusion of law. Id. at 373. In considering whether to remand the case, the Court of Appeals recognized, "The facts of the instant case do not lead to only one inference. The issue before the trial court in the declaratory judgment concerned two articles of Ernest's will that could reasonably be interpreted as creating either a tenancy in common or a tenancy by the entirety between Donzola and Gene." Id. Accordingly, the court remanded the case to the trial court to make findings regarding the testator's intent and the circumstances attendant to the will.
    What this case stands for is a trial court must make sufficient findings of fact to support its conclusions of law, and if it does not, and the facts are disputed and do not lead to one inference, an appellate court will reverse the and remand the case. It does not, as debtor argues, (Reply Br., DE # 13, at 15-16), mean the phrase "share and share alike" is ambiguous, and thus, the language used in the subject deed is likewise ambiguous.

assuming the bankruptcy court erred in the burden of proof, such error is harmless.

As an additional error, debtor contends that the bankruptcy court should not have relied upon the Dearman decision because N.C. Gen. Stat. § 39-13.6(a) "supercedes" that opinion. (Br., DE # 11, at 10.) In Dearman, the North Carolina Court of Appeals construed the phrases "to my daughter Minnie and Shaw Brown[, her husband,] Forty (42) two acres . . . and they are to share equally in the 42 acre tract" in a will as creating a tenancy in common. 181 S.E.2d at 811. The court recognized that, in accordance with the common law, "[a] husband and wife do not 'share equally' in an estate by the entireties." Id. On the other hand, it noted, tenants in common do have equal rights to occupy, use, and control real property. See id. Accordingly, the Dearman court concluded that "[t]he phrase 'to share equally' is inconsistent with an intention to create an estate by the entireties" and in fact "indicate[s] a desire on the part of the testator to create a tenancy in common." Id.

The court agrees with debtor that the husband's common law exclusive rights in a tenancy by the entirety, on which Dearman relied to support its conclusion, has now been supplanted by § 39-13.6(a). However, that fact does not mean that the bankruptcy court erred in its reliance on the decision. Since the enactment of § 39-13.6(a), North Carolina appellate courts have continued to rely on Dearman for the proposition that "the language 'share equally' shows an intent to create a tenancy in common rather than the presumptive tenancy by the entireties between a husband and wife." Hollowell v. Hollowell, 430 S.E.2d 235, 240 (N.C. 1993) (citing Dearman, 181 S.E.2d at 811); see also Hollowell v. Hollowell, 420 S.E.2d 827, 831 (N.C. Ct. App. 1992) ("The language 'in equal portions' and 'their respective shares' in the devise of land to [the two nephews] connotes the creation of a tenancy in common." (citing Dearman)), aff'd,

430 S.E.2d 235 (N.C. 1993).

Significantly, the bankruptcy court did not rely exclusively on Dearman. It correctly recognized that "[o]n several occasions, North Carolina courts have construed the phrases 'to share equally,' 'in equal portions,' 'their respective shares,' 'share and share alike' or one of similar import in a conveyance or devise as 'inconsistent with an intention to create an estate by the entireties.'" (Order, DE # 1-1, at 5 (citing cases).) See also Hollowell, 430 S.E.2d at 240 ("We are convinced that the phrase 'equal portions,' like 'share equally' and 'share and share alike,' evidences an intent to create a tenancy in common rather than a joint tenancy."). The bankruptcy court did not err in relying on Dearman to support its conclusion that the subject deed conveyed an interest to Karen and debtor as tenants in common.

Additionally, debtor contends that the bankruptcy court erred in finding that the lack of the word "husband" or "wife" in the deed evidences a lack of intent to create a tenancy by the entirety. (Br., DE # 11, at 13-14.) Debtor is correct that a conveyance need not identify the grantees as husband and wife to create a tenancy by the entirety. See N.C. Gen. Stat. § 39-13(b)(3). However, the bankruptcy court did not conclude otherwise. Rather, the court found persuasive the absence of the descriptor "husband" or "wife" *combined with* the use of the phrase "in equal shares." When considered together, it is not error to conclude that the deed conveys to Karen and debtor as tenants in common.

Also, debtor argues that the bankruptcy court wrongly interpreted that phrase "in equal shares" to be inconsistent with tenancy by the entirety ownership. (Br., DE # 11, at 15-18.) The phrase strongly connotes a tenancy in common. A "share" is "[o]ne of the portions into which land or territory is divided." Oxford English Dictionary 178 (2d ed. 2004). A division of real

7

property into shares, equal or not, is inconsistent with the one, indivisible unit of a tenancy by the entirety. With the addition of the modifier "equal" and with the absence of reference to either grantee as "husband" or "wife," the intent of fractional ownership is evident. Furthermore, as discussed above, North Carolina case law supports this interpretation. The court agrees with the bankruptcy court that the deed expresses an intent to convey a tenancy in common.

In his reply brief, debtor further expounds upon these arguments, which the court has considered and does not address further. He also suggests, however, that the bankruptcy court additionally erred by concluding that the subject deed was not ambiguous and by not considering extrinsic evidence of intent; he urges this court to now consider the circumstances attendant to the creation of the deed. (See Reply, DE # 13, at 15-20, 22.) By not raising this error in his opening brief, debtor has waived it.[4] See United States v Brower, 336 F.3d 274, 277 n.2 (4th Cir. 2003) (recognizing that failure to raise argument in opening brief waives it). Furthermore, to preserve the error for appeal, he should have attempted to introduce the extrinsic evidence at the hearing in the bankruptcy court to allow that court to pass on the issue. See In re Lett, 632 F.3d 1216, 1226 (11th Cir. 2011) (noting "reluctance to intrude upon the province of the bankruptcy courts below by reaching issues not brought before them, as '[b]ankruptcy cases are to be tried in bankruptcy court'" and recognizing that "'[o]rdinarily an appellate court does not give consideration to issues not raised below.'") (citations omitted) (former alteration in original)). Therefore, to the extent debtor could be deemed to raise an additional issue for appeal, the court

---

[4] Although debtor notes in his opening brief that the bankruptcy court cited a case for not considering extrinsic evidence, debtor never contended that it was error for the court to not consider such evidence. (See Br., DE # 11, at 20.) In fact, debtor states in his opening brief, "While it would be helpful for the debtor to be able to present circumstances attendant, this appeal does not rely on that." (Id.)

does not consider it.

### III.  CONCLUSION

For the foregoing reasons, the 24 June 2013 order of the bankruptcy court is AFFIRMED.  The Clerk is DIRECTED to close this case.

This 11 March 2014.

                                                    _____
                                                    W. Earl Britt
                                                    Senior U.S. District Judge